# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------X

MARISOL PEREZ,

               Plaintiff(s),

       -against-

BJ'S WHOLESALE CLUB, INC.,

              Defendant(s),

------------------------------------------------------------------------X

Index No.:

Date Purchased:

**SUMMONS**

Plaintiff designates BRONX
County as the place of trial.

The basis of venue is:
Plaintiff's Residence:
2495 Cambreleng Avenue
Bronx, NY 10458

To the above named Defendants:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
     July 1, 2020

ZWIRN & SAULINO PC
Attorney for Plaintiff
2606 East 15th Street, Suite 205
Brooklyn, New York 11235
(718) 615-7400

Notice: The object of this action is to recover for personal injury due to defendant(s) negligence

     The relief sought is Monetary Damages

      Upon your failure to appear, judgment will be taken against you by default in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and which warrants the jurisdiction of this Court with interest from July 2, 2019 and the costs of this action.

<u>DEFENDANT(S) ADDRESS(ES)</u>

BJ'S WHOLESALE CLUB

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
MARISOL PEREZ,

              Plaintiff(s),                                 **VERIFIED COMPLAINT**

        -against-                                  INDEX NO.:

BJ'S WHOLESALE CLUB, INC.,

              Defendant(s),
-----------------------------------------------------------------------X

Plaintiff, by her attorney, ZWIRN & SAULINO PC, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF MARISOL PEREZ

1.     That at the time of the commencement of this action, Plaintiff MARISOL PEREZ resided in the County of Bronx, State of New York.

2.     That the cause of action alleged herein arose in the County of Bronx, State of New York.

3.     That on July 2, 2019 and at all times herein mentioned, defendant BJ'S WHOLESALE CLUB, INC. herein shown as "BJ'S", was a domestic corporation organized and existing by virtue of the laws of the State of New York.

4.     That on July 2, 2019 and at all times herein mentioned, defendant BJ'S was a foreign corporation authorized to do business in the State of New York.

5.     That on July 2, 2019 and at all times herein mentioned, defendant BJ'S was a foreign corporation doing business in the State of New York.

6.     That on July 2, 2019, and at all times hereinafter mentioned, there existed a premise

at 610 Exterior Street in the State of New York, County of Bronx.

7.  That on July 2, 2019, and at all times hereinafter mentioned, there existed a premise at 610 Exterior Street, Bronx, NY and was operating as a BJ's Wholesale Club.

8.  That on July 2, 2019, and at all times hereinafter mentioned, the aforementioned premise at 610 Exterior Street, Bronx, NY was owned by defendant BJ'S.

9.  That on July 2, 2019, and at all times hereinafter mentioned, the premise thereof was operated by defendant BJ'S.

10. That on July 2, 2019, and at all times hereinafter mentioned, the premise thereof was maintained by defendant BJ'S.

11. That on July 2, 2019, and at all times hereinafter mentioned, the premise thereof was managed by defendant BJ'S.

12. That on July 2, 2019, and at all times hereinafter mentioned, the premise thereof was controlled by defendant BJ'S.

13. That on July 2, 2019, and at all times herein mentioned, it was the duty of defendant BJ'S to maintain the above premises and parts thereof in a reasonably safe condition.

14. That on July 2, 2019, plaintiff MARISOL PEREZ was at or near the aforesaid premises.

15. That on July 2, 2019, while plaintiff MARISOL PEREZ was lawfully at or near the aforesaid premises, specifically at or near the front registers, she was caused to sustain serious and permanent injuries when she slipped and fell on a white substance.

16. The above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the defendants, their servants, agents, employees or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid

location.

17.     That no negligence on the part of the plaintiff contributed to the occurrence alleged

herein in any manner whatsoever.

18.     The defendants, their agents, servants, employees or licenses were negligent,

reckless and careless in the ownership, operation, maintenance, management, control, supervision,

inspection, and/or repair of said premises and parts thereof; in causing, permitting, allowing said

premises and parts thereof to be, become and remain in a dangerous, defective, hazardous, unsafe

and in a trap-like condition; in allowing debris, liquid and substances to accumulate on the location

therein; in improperly cleaning the premises; in causing the floors to become and remain wet,

slippery and dangerous to people walking at the location; in improperly cleaning the premises; in

failing to completely clear the floor from substances and liquids; in keeping the premises in a

negligent state of maintenance and unsuitable for walking; in failing to have safe passageways for

pedestrians; in failing to keep the floors in the premises free and clear of any substances; in

allowing, permitting said premises and parts thereof to fall into such a state that it constituted a

public and private nuisance and trap for the unaware; in suffering, causing and/or permitting the

premises thereat to be in a state of negligent and/or improper and/or defective repair; in failing to

make adequate and/or proper inspections and repairs to prevent the development of the aforesaid

condition for the unaware, those mentioned above, and more particularly for the plaintiff herein, in

failing to warn those mentioned above, and especially the plaintiff herein, that there existed a

dangerous, defective, hazardous, unsafe and trap-like condition on said premises; in failing to place

warning signs, notice lights, barriers, barricades, ropes and/or cordons around said defective

condition so as to prevent those mentioned above and more particularly the plaintiff herein, from

passing nearby and becoming exposed to the hazards therein, in failing to supervise and control the

inspection activities of their agents, servants and/or employees; in failing to hire and employ adequate, properly trained and/or sufficient personnel for the purposes of supervising, inspecting, maintaining and repairing said premises and parts thereof; in failing to hire and employ any personnel for any or all of the aforementioned purposes; in hiring and employing incompetent, untrained, inadequate and insufficient numbers of personnel to perform, supervision, inspection and maintenance duties at the aforesaid premises and parts thereof; in failing to train and supervise their agents, servants and/or employees in the proper and necessary inspection and maintenance of said premises and parts thereof; in failing to promulgate and enforce sufficient rules and regulations for safety standards on said premises and parts thereof; in causing injury to the plaintiff; in failing to keep the plaintiff free from injury notwithstanding the fact that the defendants, their agents, servants, employees and/or licensees, knew of, observed, permitted, caused and/or created the aforesaid defective condition; in violating all applicable laws, statutes, rules, regulations, codes and ordinances then and there in effect and existing at the place and time of the occurrence complained of; and in otherwise being careless, reckless and negligent in the ownership, leasing, operation, control, management, supervision, inspection, maintenance, repair, design, construction, placement, equipping, guarding, renovation, alteration, arranging and conducting the aforesaid premises and parts thereof, including but not necessarily limited to, failing to provide the plaintiff with safe passage; in allowing and permitting said premises and parts thereof to be and remain in such a hazardous dangerous and defective condition; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to place signs, barricades, warnings and/or devices to apprise persons of the dangerous, unsafe condition thereat; in failing to properly maintain said premises and parts thereof and in improperly maintaining said premises and parts thereof; and in generally being negligent and reckless on the premises and parts thereof; in failing to secure said premises and parts

thereof so as not to cause injuries to plaintiff, all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises and parts thereof.

19.    That this action falls within one or more of the exceptions set forth in CPLR 1602.

20.    Actual notice is claimed in that the subject premises and parts thereof, where the occurrence complained of herein took place, was owned, operated, managed, maintained, controlled and supervised by the defendants, their agents, servants, employees and/or licensees.        At the present time, the plaintiff does not have the names of any specific individuals or dates or places on which any one individual gave specific notice to the defendants, their agents, servants, employees and/or licensees of the hazardous conditions of the premises.  However, the existence of these conditions aforementioned itself and further constitute a trap, hidden defect, hazard, pitfall and/or nuisance.

21.    Constructive notice is claimed in that the subject defects, unsafe, hazardous, and dangerous conditions aforementioned at the subject premises were in existence for an inordinately long period of time prior to the occurrence complained of herein so that defendant, its agents, servants, employees and/or licensees, knew or should have known of them and discovered them had they exercised reasonable means of inspection, testing, management, maintenance, servicing, and control over said premises and parts thereof.  Upon information and belief, all supervision, management, maintenance and control of the subject premises were solely and exclusively the responsibility of the defendant itself, plaintiff having no information at the present time concerning any other individuals.

22.    That as a result of the foregoing, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent;

as a result of said injuries plaintiff was caused, and will continue to be caused, to incur expenses for medical care and attention; and plaintiff was, and will continue to be, rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

23.    That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in the amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and warrants the jurisdiction of the court.

WHEREFORE, plaintiff MARISOL PEREZ demands judgment against the Defendants in the FIRST Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and warrants the jurisdiction of the court along with the costs and disbursements of this action.

Dated:  Brooklyn, New York
        July 1, 2020

                        Yours, etc.

                        ZWIRN & SAULINO, P.C.
                        Attorney(s) for Plaintiff(s)
                        2606 East 15th Street, Suite 205
                        Brooklyn, New York 11235
                        (718) 615-7400

                        BY: WARREN ZWIRN, ESQ.

## ATTORNEYS VERIFICATION

WARREN ZWIRN, ESQ., hereby affirms as follows:

1.      That I am associated with the attorney for the plaintiff in the within action.

2.      That I have read the foregoing SUMMONS and VERIFIED COMPLAINT and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to the alleged on information and belief, and as to those matters, I believe them to be true.

3.      That the reason I make this verification in place and in stead of the plaintiff is that the plaintiff does not reside in the county in which her attorney maintains an office.

Dated: Brooklyn, New York
          July 1, 2020

_____
WARREN ZWIRN, ESQ.

FILE NO.: #:

INDEX NO.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

MARISOL PEREZ,

        Plaintiff(s),

    -against-

BJ'S WHOLESALE CLUB, INC.,

        Defendant(s),
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

SUMMONS WITH VERIFIED COMPLAINT

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**ZWIRN & SAULINO, PC**
**Office and Post Office Address**
**2606 East 15th Street, Suite 205**
**Brooklyn, NY 11235**
**(718) 615-7400**

_____

**BY: WARREN ZWIRN, ESQ.**

**Please take notice that this office does not accept service via FAX and/or EMAIL**